```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
```

| | |
|---|---|
| FREDY A. ANDRADE and § | |
| ROSANNA M. ANDRADE, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-987 |
| § | |
| STANDARD GUARANTY INSURANCE § | |
| COMPANY, ASSURANT SOLUTIONS, § | |
| and TED DYER, § | |
| § | |
| Defendants. § | |

MEMORANDUM AND ORDER

Pending is Plaintiffs' Motion to Remand (Document No. 6). After having considered the motion, response, and applicable law, the Court concludes that the motion should be denied for the reasons that follow.

I.  Background

This is a Hurricane Ike insurance dispute. Plaintiffs Fredy A. and Rosanna M. Andrade ("Plaintiffs") filed a claim under their Homeowner's Insurance Policy (the "Policy") with Standard Guaranty Insurance Company ("Standard") for hurricane damage to their home at 6811 Petre Drive, Houston, Texas 77076 (the "Property").[1] Standard assigned Defendant Assurant Solutions ("Assurant") as the

---

[1] Document No. 1, ex. A ¶¶ 11-14 (Plaintiffs' Original Petition).

claims adjuster, which in turn assigned Defendant Ted Dyer ("Dyer") as the individual adjuster.[2]  Plaintiffs allege that Standard improperly denied some of Plaintiffs' claims and underpaid others.[3]

Plaintiffs filed this action in the 11th Judicial District Court of Harris County, Texas.  Plaintiffs assert claims against Standard for breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code (unfair settlement practices and prompt payment of claims)[4]; Plaintiffs assert a claim against Dyer and a claim against Assurant for respectively violating the Texas Insurance Code (unfair settlement practices)[5]; and Plaintiffs assert claims against all Defendants for common law fraud and conspiracy to commit fraud.[6]  Defendants removed based on diversity.  It is undisputed that complete diversity of citizenship exists among the parties; thus, if the amount in controversy exceeds $75,000, removal was proper and this Court has jurisdiction.

On their unfair settlement practices claims, Plaintiffs seek actual damages, mental anguish damages, treble actual damages for a knowing violation under the Texas Insurance Code, and statutory

---

[2] Id., ex. A ¶ 17.

[3] Id., ex. A ¶ 18.

[4] Id., ex. A ¶¶ 49-63.

[5] Id., ex. A ¶¶ 31-43.

[6] Id., ex. A ¶¶ 44-48.

attorney's fees.[7]  For their prompt payment of claims action, Plaintiffs request the amount of their insurance claim plus 18% interest per annum on that amount, and statutory attorney's fees.[8] Plaintiffs further request actual or compensatory damages plus exemplary damages on both their fraud and breach of duty of good faith and fair dealing claims, and damages for emotional distress on their breach of duty of good faith and fair dealing claims.[9] Though no amounts are specified, the complaint states, under the heading "Jurisdiction," that Plaintiffs "seek damages not in excess of $75,000.00."[10]

Plaintiffs now move to remand, asserting that Defendants have failed to carry their burden to prove that the amount in controversy is greater than $75,000.

## II.  Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction.  28 U.S.C. §§ 1332(a), 1441(b).  Federal district courts have diversity jurisdiction over civil actions in which "the matter in controversy

---

[7] Id., ex. A ¶ 68.

[8] Id., ex. A ¶ 69.

[9] Id., ex. A ¶¶ 70-71.  Plaintiffs also request the amount of their insurance claim and attorney's fees on their breach of contract action.  Id., ex. A ¶ 67.

[10] Id., ex. A ¶ 6.

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a).  When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant.  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). Any doubt as to the propriety of the removal must be resolved in favor of remand.  See Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

### III.  Discussion

Plaintiffs' complaint requests no specific amount of damages, but it nonetheless asserts that they "seek damages not in excess of $75,000."[11]  Here, as in De Aguilar v. Boeing Co., Plaintiffs, "in a bold effort to avoid federal court, have specifically alleged that their . . . damages will not exceed the jurisdictional amount."  47 F.3d 1404, 1409-10 (5th Cir. 1995).  The Fifth Circuit acknowledged the standard rule "that a plaintiff who does not 'desire to try his case in federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.'"  Id. at 1410 (quoting St. Paul Mercury Indem. Co. v. Red

---

[11] Document No. 1, ex. A ¶ 6.

Cab Co., 58 S. Ct. 586, 593 (1938)). Although a plaintiff's damages claim is "presumptively correct," Texas Rule of Civil Procedure 47(b), similar to Federal Rule of Civil Procedure 54(c), provides that the pleadings alone cannot limit a plaintiff's recovery, as that rule permits "only the statement that the damages sought are within the jurisdictional limits of the court." *See* id. at 1410-12. Thus, the Fifth Circuit held that:

> [I]f a defendant can show [by a preponderance of the evidence] that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.

Id. at 1411-12.

To meet its burden, the defendant must "do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds $[75,000]." Id. (emphasis in original). This may be accomplished in either one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 868 & n.10 (5th Cir. 2002) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)) (emphasis in original).

Defendants have carried this burden.  The insurance policy at issue provides $42,000 of insurance,[12] and Plaintiffs sent a notice letter dated February 3, 2010, in which they demanded economic damages of $45,000 in addition to $8,500 of mental anguish damages and $20,000 "for expenses, including attorney's fees."[13] Plaintiffs have pled for treble damages and attorney's fees under the Texas Insurance Code, among other damages.[14]  "[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages--just not interest or costs."  St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

Treble damages on $42,000 (the lower of the two bases for the insurance claim amount) would be $126,000; attorney's fees would further increase this amount.  *See, e.g.*, Lewis v. State Farm Lloyds, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (considering complaint's requests for, among others, treble damages and attorney's fees under the Texas Insurance Code as part of amount in controversy in addition to $48,890.26 in property damage); *see also* Knowles Publ'g v. Am. Motorists Ins. Co., 248 F.3d 1139, 2001 WL

---

[12] Document No. 1, ex. I.

[13] Id., ex. J at 2.

[14] Id., ex. A ¶¶ 68, 72.

6

85914, at *3 (5th Cir. Jan. 25, 2001) (unpublished op.) ("[I]t is clear that AMICO proved that the petitions, in tandem with the raw numbers . . . indicate more likely than not that the $75,000 jurisdictional minimum was satisfied."). Taken together, Plaintiffs' demands, the $42,000 policy and Plaintiffs' request for treble damages and attorney's fees, all make it more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs.

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412. Plaintiffs can meet this burden "in various ways." De Aguilar, 47 F.3d at 1412. For example, they could show "that a state law prohibits recovery in excess of the jurisdictional amount," or they could have filed "a binding stipulation or affidavit with the complaint prior to removal stating that they do not seek and will not accept any award in excess of $75,000 . . . ." Griffin v. Ga. Gulf Lake Charles, LLC, 562 F. Supp. 2d 775, 778 (W.D. La. 2008) (citing Allen, 63 F.3d at 1335; De Aguilar, 47 F.3d at 1412).[15]

---

[15] The Fifth Circuit has emphasized that this is not a burden-shifting exercise; the plaintiff "must make all information known at the time he files the complaint." De Aguilar, 47 F.3d at 1412.

Here, Plaintiffs point only to the statement in their complaint that they "do not seek damages in excess of $75,000," and to their February 3, 2010 notice letter's request for only $8,500 in mental anguish and $20,000 in attorney's fees, for a total of $73,500 in combination with their $45,000 economic damages request.[16] Plaintiffs filed no binding affidavit or stipulation, and Texas Rule of Civil Procedure 47(b) makes their pleaded damage limitation non-binding. See De Aguilar, 47 F.3d at 1412-13. Plaintiffs have pointed to no statute or other provision that limits their recovery. Because there is no "legal certainty" that Plaintiffs' recovery will be limited to $75,000 or less, and was none at the time of removal, the motion to remand will be denied.

## IV. Order

Accordingly, it is

ORDERED that Plaintiffs' Motion to Remand (Document No. 6) is DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 15th day of June, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[16] Document No. 6 at 5-6.